**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristofer Whitaker,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-21-00117-PHX-DWL<br><br>**ORDER** |

This is a Social Security appeal. On April 20, 2021, the Court referred the matter to Magistrate Judge Morrissey for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 14.) On June 6, 2022, Judge Morrissey issued an R&R concluding the ALJ's decision should be affirmed. (Doc. 30.) Now pending before the Court are Plaintiff's objections to the R&R. (Doc. 31.) For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and the ALJ's decision is affirmed.

**DISCUSSION**

I.   <u>Legal Standard</u>

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.*

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

II. Analysis

    A. **Dr. Silberman**

Plaintiff was 36 years old on the alleged onset date, held relevant previous employment as a customer service clerk, and was found by the ALJ to have the severe impairments of post-concussion syndrome, thoracic wedge compression, lumbar degenerative disc disease, headache, and obesity. (Doc. 30 at 2.) Dr. Silberman, D.O., Plaintiff's treating physician, opined that Plaintiff could stand and walk for less than two hours in an eight-hour workday, could sit for about two hours, and could never stoop, crouch, climb, or reach overhead. (*Id.* at 5-6.) Dr. Silberman further opined that Plaintiff would need to take unscheduled breaks, would miss more than four workdays per month

due to his impairments, and could not carry more than ten pounds. (*Id.*)

When evaluating Dr. Silberman's opinions, the ALJ concluded as follows: "The undersigned finds this opinion not persuasive. The opinion is not supported by treatment notes, which indicate mostly normal findings with some neck pain and decreased range of motion (e.g. 9F, 19F). Additionally, the opinion is not consistent with objective evidence from other sources. For example, the record states that the claimant drops off scooters he collects for reimbursement (23F/2). The scooters do not weigh less than 10 pounds. Furthermore, the record does not support that the claimant will likely miss more than four days a month of work because his pain improved over time with treatment (e.g. 12F/1, 3, 16F/6)." (R. at 26.)

In his opening brief, Plaintiff argues the ALJ's rejection of Dr. Silberman's opinions was flawed for two reasons: (1) the ALJ only considered the factors of consistency and supportability and did not "consider the (c)(3) through (c)(5) factors"; and (2) the ALJ erred by citing two entire exhibits, rather than specific pages in those exhibits, for the proposition that Dr. Silberman's opinions were unsupported by his treatment notes. (Doc. 30 at 6-7.)

In the R&R, Judge Morrissey concludes that both arguments lack merit. As for the former, Judge Morrissey concludes that the ALJ was not required to explicitly discuss the (c)(3) through (c)(5) factors in light of the ALJ's conclusions regarding the consistency and supportability factors. (*Id.*) As for the latter, Judge Morrissey concludes that although it was "not ideal" for the ALJ to offer a generalized citation to 175 pages of medical records in one portion of the opinion, "the ALJ did . . . cite to specific records of Dr. Silberman in other portions of the decision, including records showing the normal findings referenced to find this opinion unpersuasive. For instance, the ALJ cited to a record from Dr. Silberman showing that Plaintiff had improvement with Botox therapy, and that Plaintiff 'feels he is capable of working now.' The ALJ also found that Dr. Silberman's opinion of work-preclusive impairments conflicted with the medical records showing Plaintiff was improving with treatment and medication, citing to specific records to support this

conclusion." (*Id.*)

In his objections, Plaintiff does not challenge Judge Morrissey's rejection of his argument concerning the ALJ's failure to consider the (c)(3) through (c)(5) factors. As for his other argument, Plaintiff faults Judge Morrissey for "comb[ing] through the unfavorable decision for citations to specific pages within Exhibits 9F and 19F [to] guess that the ALJ meant to cite these pages when rejecting Dr. Silberman's opinion" and argues that this approach "meets the definition of failing to 'articulate [an ALJ's] reasoning to allow for meaningful judicial review.'" (Doc. 31 at 3-4.) Additionally, Plaintiff argues that the records identified by Judge Morrissey "are consistent with and support Dr. Silberman's opinion" because they simply contain general statements of improvement that do not conflict with any of Dr. Silberman's specific opinions. (*Id.* at 4-5.) In response, the Commissioner defends Judge Morrissey's analysis, arguing that "even if the ALJ might have explained his decision with more clarity, the fact that the Magistrate Judge could follow his reasoning and found it legally sound means that there was no error" and that Plaintiff's discussion of the treatment notes simply amounts to "an invitation for the Court to reweigh the evidence, which it cannot do." (Doc. 32 at 2.)

The Court has reviewed Judge Morrissey's analysis and adopts it in full. It is unfortunate that the ALJ only offered a generalized citation to Exhibit 19F—which comprises 57 pages of treatment records from Banner Health Clinic spanning a nearly two-year period (Doc. 19-14)—in support of the determination that Dr. Silberman's opinions were inconsistent with his treatment notes (R. at 26), but only one page earlier in the decision, the ALJ cited a specific page within Exhibit 19F that revealed such an inconsistency: "In January 2017, the claimant stated that he felt he could work if the position did not require prolonged standing (19F/11)." (R. at 25.) Given this background, the ALJ's analytical path may reasonably be discerned. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) ("An error is harmless . . . if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.") (citation and internal quotation marks omitted). Additionally, it was rational for

- 4 -

1 the ALJ to conclude that the cited treatment note—which includes the notations "[]patient feels he is capable of working now" and "Patient feels as long as he does not have prolonged standing she would like to return to work" (R. at 848)—was inconsistent with Dr. Silberman's opinions. Although Plaintiff identifies reasons why a different factfinder might have reached a different conclusion on the issue of inconsistency, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

B. **Symptom Testimony**

Plaintiff testified that he was unable to perform any work due to physical impairments, including leg and back pain, restricted motion in his neck, and tingling in his shoulders. (Doc. 30 at 8.)

The ALJ discounted this testimony on the ground that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including his own statements and testimony regarding activities of daily living." (*Id.*) Among other things, there was evidence that Plaintiff "worked as a school crossing guard," "was paid to pick up and drop off scooters that were left around town," "worked as a driver for Uber Eats and Lyft," "walked with his wife through antique stores," "did crafts at home," "drove his daughter to school," and "did household chores." (*Id.* at 9.) The ALJ "found these activities to be inconsistent with the debilitating symptoms alleged. For instance, as to the job picking up scooters, the ALJ noted that this required transporting scooters from various locations throughout town." (*Id.*)

In the R&R, Judge Morrissey finds no legal error in the ALJ's decision to discount Plaintiff's symptom testimony. (*Id.* at 7-9.) As for the portion of the ALJ's decision addressing Plaintiff's activities of daily living, Judge Morrissey concludes as follows: "Plaintiff is correct that a claimant is not required to be 'utterly incapacitated' in order to be found disabled, but it is also true that an ALJ may consider the Plaintiff's daily activities

1  to determine whether they are 'inconsistent with the alleged symptoms.'  The ALJ did so
2  here.  The Court finds no error in the discussion of Plaintiff's daily activities." (*Id.* at 9.)
3        Plaintiff objects to Judge Morrissey's rejection of his challenge to the ALJ's
4  assessment of his symptom testimony.  (Doc. 31 at 5-6.)  On the issue of activities of daily
5  living, the entirety of Plaintiff's argument is as follows: "The ALJ cites daily activities but
6  none of the activities cited are conflict with Mr. Whitaker's limitation of unscheduled
7  breaks and absences due to headaches and postconcussion syndrome." (*Id.*)  In response,
8  the Commissioner argues that Plaintiff "does not raise any specific objection to the
9  Magistrate Judge's findings and, indeed, does not mention the Magistrate Judge's Report
10 at all.  In any event, as with the argument above, this is an invitation for the Court to
11 reweigh the evidence, which it cannot do." (Doc. 32 at 2.)
12       The Court has reviewed Judge Morrissey's analysis and adopts it in full.  It was
13 rational for the ALJ to conclude that Plaintiff's activities of daily living—which were not
14 limited to personal maintenance but included substantial work outside the home, including
15 picking up scooters and working as an Uber driver—were inconsistent with Plaintiff's
16 testimony that he was unable to work.  Given this determination, it is unnecessary to
17 address the sufficiency of the ALJ's other proffered reasons for discounting Plaintiff's
18 symptom testimony (and Judge Morrissey's determination that those other reasons were
19 also legally valid).[1]
20 …
21 …
22 …
23 …
24 …
25 …

---

[1] In his opening brief, Plaintiff raises a third claim of error—a challenge to the ALJ's failure to consider the requirements of Listing 11.02.  Judge Morrissey concludes that this claim lacks merit (Doc. 30 at 10-12) and Plaintiff does not challenge this aspect of the R&R in his objections.  Accordingly, any challenge is forfeited.  *Thomas*, 474 U.S. at 149-50; *Reyna-Tapia*, 328 F.3d at 1121.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's objections to the R&R (Doc. 31) are **overruled**.

(2) The R&R (Doc. 30) is **adopted**.

(3) The decision of the ALJ is **affirmed**.

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 18th day of July, 2022.

Dominic W. Lanza
United States District Judge